UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:20-CR-00078-DCLC-CRW |
| v. | ) | |
| SUMMER NICOLE FANN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Sentence Reduction Under Guideline Amendment 821 [Doc. 94]. The United States ("the Government") responded, conceding Defendant is eligible for a reduction in sentence but deferring to the Court as to whether to reduce her sentence and by how much [Doc. 95, pg. 1]. For the reasons stated below, Defendant's motion [Doc. 94] is **GRANTED**. Defendant's sentence shall be **REDUCED** to **TIME SERVED**. The effective date of this order is **April 8, 2024**.

I.   **BACKGROUND**

On February 23, 2021, Defendant pleaded guilty to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) and one count of stealing mail in violation of 18 U.S.C. §§ 1708 and 2 [Doc. 20, ¶ 1; Doc. 24]. The Presentence Investigation Report ("PSR") reported prior convictions for shoplifting, [Doc. 36, ¶ 44]; possession of a Schedule VI controlled substance and drug paraphernalia, [Doc. 36, ¶ 45]; criminal trespass, theft, and vandalism, [Doc. 36, ¶ 46]; and auto burglary and theft [Doc. 36, ¶ 47].[1] It assessed six criminal history points and

---

[1] State charges related to the instant offenses were dismissed [Doc. 36, ¶ 53].

1

added two "status points" for committing the instant offenses while under an existing criminal justice sentence [Doc. 36, ¶¶ 48–49]. With status points, Defendant's criminal history category was IV, [Doc. 36, ¶ 50], which combined with a total offense level of 21 produced an advisory guideline range of 57 to 71 months [Doc. 36, ¶ 68]. The Court adopted the PSR and varied down from the advisory guideline range to impose a sentence of 50 months' imprisonment [Doc. 64, pg. 2; Doc. 65, pgs. 1–3].

While in custody of the Bureau of Prisons ("BOP"), Defendant has completed 95 hours of programming [*See* Doc. 95-1]. She completed the non-residential drug treatment program [Doc. 95-2, pg. 1]. However, she declined medication-assisted treatment and either failed or was expelled from the more intensive Residential Drug Abuse Treatment Program ("RDAP") [Doc. 95-2, pg. 1; *see* 95, pg. 3]. The BOP considers her to be at a medium risk of recidivism [Doc. 95-2, pg. 2]. Defendant explains the reason for her failure to complete RDAP was a violation of the program's restriction on relationships among participants [Doc. 94, pg. 5]. She has incurred three disciplinary infractions in the BOP, but she maintains that they were minor and none of them involved violence [Doc. 94, pg. 6; *see* Doc. 94-1]. She states that her fighting infraction was not a physical fight but was instead a dispute over some colored pencils [Doc. 94, pg. 6; *see* Doc. 94-1]. She claims she received an infraction for "being unsanitary" after she hung up a shirt in her locker to dry, rather than using prison laundry, because clothes washed in prison laundry came back with a yellow tint [Doc. 94, pg. 6; *see* Doc. 94-1]. And she contends that an infraction for lying or falsifying a statement was a misunderstanding between her and her job foreman after he saw her in the recreation yard when she was supposed to be at work [Doc. 94, pg. 6; *see* Doc. 94-1]. She states she had to divert around a closed section of her unit after reporting to take her

2

medications and that once she entered the recreation yard she could not reenter the welding department [Doc. 94, pg. 6].

The United States Probation Office reports that Defendant has resided in a halfway house since December 15, 2023 and appears to have been compliant while there. Her projected release date is April 23, 2024. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.

Effective November 1, 2023, Amendment 821 reduced status points from two to one if the defendant received 7 or more points under U.S.S.G. § 4A1.1(a)–(d), and eliminated them otherwise. *See* U.S.S.G. § 4A1.1(e). This amendment applies retroactively. U.S.S.G. § 1B1.10(d). The present motion followed.

## II. LEGAL STANDARD

A district court has "no inherent authority … to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of

the amendments made retroactive in the policy statement apply to the defendant or would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).  In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).  The Court must "leave all other guideline application decisions unaffected." *Id.*  With limited exceptions, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A).  Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.  "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)).  But "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

### III. ANALYSIS

Here, the parties agree Defendant is eligible for a sentence reduction under Amendment 821 [Doc. 94, pg. 5; Doc. 95, pg. 3].  She received six criminal history points before applying status points, and given the amendment, she receives no status points now.  *See* U.S.S.G. § 4A1.1(e).  With no added status points, her new criminal history category is III.  With a total offense level of 21, her amended guideline range is 46 to 57 months.  *See id.*

4

Defendant asks the Court to reduce her sentence to time served, which due to her rapidly approaching release date of April 23, 2024 would be an effective reduction of less than a month [*See* Doc. 94, pg. 7]. Because the reduction is less than a month, reducing her sentence from 50 months to time served would still fall within her 46-to-57-month amended guideline range.

The Government asserts Defendant's post-sentencing conduct has been mixed [Doc. 95, pg. 3]. To be sure, her three infractions and her expulsion from RDAP suggest she has had difficulty following the rules. Nonetheless, Defendant suggests these incidents may be less severe than they appear. She claims she did not complete RDAP because of restrictions on relationships among participants [Doc. 94, pg. 5]. She states her fighting infraction was not a physical fight [Doc. 94, pg. 6]. She asserts that she received her "unsanitary" infraction because she was dissatisfied with the prison laundry system and attempted to wash her clothes herself [Doc. 94, pg. 6]. She contends that her infraction for lying was a misunderstanding and that she was effectively blocked from returning to work after leaving to take her medication [*See* Doc. 94, pg. 6]. While Defendant may have had difficulty following the rules in prison, she has transitioned to a halfway house apparently without further compliance issues. Although the BOP classified her recidivism risk as medium, she completed 95 hours of programming, including the non-residential drug treatment program [Doc. 95-1; Doc. 95-2, pgs. 1–2].

Moreover, the Court considered all the relevant factors at sentencing, including the nature and circumstances of the offense and Defendant's criminal history, and the Court varied down based on her age, lack of youthful guidance, mental and emotional condition, and remorse [Doc. 65, pg. 3]. The same considerations supporting the downward variance at sentencing favor a sentence of time served now. Because Defendant's release date is likely less than a month from now, there is little to be gained from requiring her to serve out the brief remainder of that time.

She states she already has a job lined up, with a backup plan in case her first choice falls through [Doc. 94, pgs. 6–7].

III. **CONCLUSION**

For the reasons stated herein, Defendant's motion [Doc. 94] is **GRANTED**. Defendant's sentence shall be **REDUCED** to **TIME SERVED**. The effective date of this order is **April 8, 2024**.

**SO ORDERED:**

s/ Clifton L. Corker  
United States District Judge
